UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD E. BENDER, Jr., CDCR #T-74224,<br><br>                     Plaintiff,<br>vs.<br><br>A. SEGOVIA, et al.,<br><br>                     Defendants. | Case No. 21cv575-MMA-NLS<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>[Doc. No. 2]<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Floyd E. Bender, Jr., a prisoner incarcerated at the California Institution for Men ("CIM") in Chino, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California on March 22, 2021. *See* Doc. No. 1 ("Compl.").

      Plaintiff did not prepay the civil filing fee required to commence a civil action at the time of filing; instead, he filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

      On April 2, 2021, United States Magistrate Judge Jeremy D. Peterson found that because Bender's Complaint does not allege that any of the Defendants reside in the

Eastern District, and his claims arose in San Diego County, the case was filed in the wrong venue. *See* Doc. No. 7 at 1–2 (citing 28 U.S.C. § 1391(b)). Pursuant to 28 U.S.C. § 1406(a), Judge Peterson transferred the case to the Southern District of California in the interest of justice. *Id*. at 2 (citing 28 U.S.C. § 84(a)). Judge Peterson did not rule on Bender's pending Motion to Proceed IFP prior to transfer.

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Bender, however, "face an additional hurdle." *Id*.

In addition to requiring prisoners to "pay the full amount of a filing fee" in monthly installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude IFP privileges in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535–36 (2015). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *Coleman*, 575 U.S. at 534. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also Coleman,* 575 U.S. at 535 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "A strike-call under Section § 1915(g) [] hinges exclusively on the basis for the dismissal." *Lomax v. Ortiz-Marquez*, __ U.S. __, 140 S. Ct. 1721, 1724–25 (2020).

Once a prisoner has accumulated three strikes, Section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

Bender's Complaint alleges almost two dozen correctional officials at Richard J. Donovan Correctional Facility ("RJD") committed multiple acts of excessive force, charged him with false disciplinary violations, retaliated against and harassed him, denied him due process, subjected him to segregation, defamed his character, and failed to adequately address his medical and mental health care needs while he was incarcerated there from September 2020 through February 2021. *See* Compl. at 3–14. Several of the hundreds of pages of exhibits attached to his Complaint reveal Bender was at least twice charged with resisting staff and assaulting a peace officer, transferred to RJD's Administrative Segregation Unit, and thereafter transported for treatment at both

Alvarado and Tri City Hospital before he was transferred from RJD to CIM on February 27, 2021. *See* Compl. at 50, 172, 193–197, 245, 249–261, 263-300; *see also* Doc. No. 5 at 1 (CDCR Inmate Statement Report noting Bender's transfer from RJD to CIM dated 2/27/21). However, he remained incarcerated at CIM at the time he filed his Complaint in the Eastern District of California on March 22, 2021, and he does not allege any CIM officials "continued with a practice that has injured him" or subjected him to any other "ongoing danger." *See id.* at 1; *Cervantes*, 493 F.3d at 1057. Thus, while Bender's Complaint contains multiple allegations of past harm, including several incidents of alleged suicidal ideation and self-harm while he was incarcerated at RJD, *see* Compl. at 8, 11–12, it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury'" at the time of filing. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury or generalized fears of possible future harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056; *see also Cruz v. Baker,* No. 1:18-CV-01641-LJO-SAB PC, 2018 WL 11241283, at *1 (E.D. Cal. Dec. 13, 2018) (finding past incidents of alleged excessive force by guard allegedly employed at former prison "do not meet the imminent physical danger exception under section 1915(g)"); *Sierra v. Woodford*, No. 1:07-cv-149 LJO GSA (PC), 2010 WL 1657493, at *3 (E.D. Cal. Apr. 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence and vague references to motives to harm" insufficient to show the prisoner faced "ongoing danger" as required by *Cervantes*); *George v. United States*, No. 3:19-cv-01557-BAS-BLM, 2019 WL 4962979, at *2 (S.D. Cal. Oct. 7, 2019) (finding allegations of "a vast conspiracy involving surveillance, harassment, and

intimidation undertaken at the hands of both the state and federal governments" to retaliate against the plaintiff before, during, and after incarceration insufficient to satisfy § 1915(g)'s exception for "imminent danger").

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Therefore, this Court takes judicial notice of federal court docket proceeding available on PACER[1] and finds that Plaintiff Floyd Eugene Bender, Jr., identified as CDCR Inmate #T-74224, while incarcerated, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

> 1) *Bender v. Sullivan, et al.*, Civil Case No. 1:09-cv-00857-LJO-GBC (E.D. Cal., Jan. 24, 2011) (Findings and Recommendations ["F&Rs"] to Dismiss the Action for Failure to Exhaust Administrative Remedies) (Doc. No. 12); (E.D. Cal. March 14, 2011) (Order Adopting F&Rs) (Doc. No. 13) (strike one);[2]

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[2] *See El*-Shaddai, 833 F.3d at 1043–44 (noting that in those "rare cases where a failure to exhaust is clear from the face of the complaint," dismissal may be proper under Fed. R. Civ. P. 12(b)(6) and therefore count as a "strike" for failure to state a claim under § 1915(g)) (citing *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc)); *see also Cruz v. Pierston, et al.*, Civil No. 19-cv-08039-HSG, 2020 WL 264399, at *3 (N.D. Cal. Jan. 1, 2020) (counting dismissal for failure to exhaust "clear from the face of complaint" as a strike pursuant to 28 U.S.C. § 1915(g)) (citing *El-Shaddai*, 833 F.3d at 1043–44; *Cruz v. Chappuis*, Civil No. 2:19-cv-1467-WBS-EFB P, 2020 WL 1304396, at *1 n.1 (E.D. Cal. March 19, 2020) (Findings and Recommendations to Deny IFP pursuant to 28 U.S.C. § 1915(g) and

      2) *Bender v. Zanini, et al.*, Civil Case No. 2:16-cv-02724-KJN (E.D. Cal., March 7, 2017) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2)) (Doc. No. 6); (E.D. Cal. April 21, 2017) (Order dismissing civil action for failing to amend) (Doc. No. 9) (strike two);[3] and

      3) *Bender v. Shazzard, et al.,* Civil Case No. 2:16-cv-02253-EFB (E.D. Cal., Aug. 3, 2017) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)) (Doc. No. 9); (E.D. Cal. Sept. 13, 2017) (Order dismissing civil action for failing to amend) (Doc. No. 12) (strike three).

Accordingly, because Bender has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

    1)    **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

    2)    **DISMISSES** this civil action without prejudice based on Plaintiff's failure

---

noting one dismissal "qualifie[d] as a strike under *El-Shaddai* […] because plaintiff's failure to exhaust was clear from the face of the complaint."), *report and recommendation adopted*, 2020 WL 8614221 (E.D. Cal. Apr. 27, 2020).

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

      3)     **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

      4)     **DIRECTS** the Clerk of Court to close the case.

      **IT IS SO ORDERED**.

DATED: June 28, 2021

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge